NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3143

WESLEY J. MOTLEY, III,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Wesley J. Motley, III, of North Chicago, Illinois, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3143

WESLEY J. MOTLEY, III

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in CH3443060736-I-2.

DECIDED: June 6, 2008

Before SCHALL and PROST, <u>Circuit Judges</u>, and WARD, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Wesley J. Motley petitions for review of the final decision of the Merit Systems Protection Board ("Board") that (1) dismissed his appeal of his removal for lack of jurisdiction and (2) denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), codified at

---

[*] Honorable T. John Ward, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

38 U.S.C. §§ 4301-4333. <u>Motley v. Dep't of the Navy</u>, No. CH-3443-06-0736-I-2 (M.S.P.B. Dec. 4, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I

Mr. Motley was hired by the Department of the Navy ("agency") on a career-conditional appointment to the position of Office Automation Assistant, GS-5, effective September 19, 2005, subject to the completion of a one-year probationary period beginning on that same date. On July 13, 2006, before the probationary period had expired, Mr. Motley received a memorandum terminating his employment, effective July 14, 2006, based on unsatisfactory work performance, including his failure to complete assigned tasks in a timely manner, failure to carry out a proper work assignment, and disrespectful conduct.

In August of 2006, Mr. Motley filed an appeal with the Board, alleging that this termination violated his rights under USERRA. In October of 2006, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision dismissing the appeal without prejudice, so that Mr. Motley could pursue his USERRA claim before the Office of Special Counsel ("OSC"). <u>Motley v. Dep't of the Navy</u>, No. CH-3443-06-0736-I-1 (M.S.P.B. Oct. 26, 2006). In May of 2007, after OSC had closed its inquiry into Mr. Motley's USERRA complaint, he refiled his appeal with the Board, alleging improper termination and violation of his rights under USERRA.

In an initial decision, the AJ (1) dismissed Mr. Motley's termination appeal for lack of jurisdiction because he had been removed during his probationary period for reasons not related to partisan politics or his marital status, and (2) denied his claim for

corrective action under USERRA. Motley v. Dep't of the Navy, No. CH-3443-06-0736-I-2 (M.S.P.B. Jun. 27, 2007) ("Initial Decision").

First, with respect to jurisdiction, the AJ noted that an appellant may establish jurisdiction by showing that he is an "employee," defined by 5 U.S.C. § 7511(a)(1)(A) to include an individual in the competitive service who is not serving a probationary or trial period under an initial appointment. See McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1341 (Fed. Cir. 2002). To meet this definition, Mr. Motley could receive credit for prior service in a competitive service position if he could show that (1) his prior service was rendered immediately preceding the appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than thirty days. See 5 C.F.R. § 315.802(b). During a June 2007 conference, Mr. Motley conceded that although he had completed several years of prior service, that service was separated from his current position by a period of greater than thirty days. Accordingly, he was a probationary employee at the time of his termination. Because the Board retains jurisdiction over appeals involving probationary employees terminated for post-appointment reasons only when there is a nonfrivolous allegation of discrimination based on partisan political reasons or marital status, see Stokes v. Fed. Aviation Admin., 761 F.2d 682, 685 (Fed. Cir. 1985), and because Mr. Motley had alleged discrimination based solely upon his prior military service rather than partisan politics or marital status, the AJ dismissed his termination appeal for lack of jurisdiction. Initial Decision at 4.

Second, with respect to Mr. Motley's USERRA claim, the AJ noted that Mr. Motley had established the requirements for Board jurisdiction over his appeal, including

(1) performance of duty in a uniformed service of the United States; (2) an allegation of a loss of employment benefit; and (3) an allegation that the benefit was lost due to the uniformed service. See Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1484 (Fed. Cir. 1998). After concluding that the Board possessed jurisdiction over Mr. Motley's USERRA claim,[1] the AJ noted that even if Mr. Motley met his initial burden of proving that his veteran status was a motivating or substantial factor in his termination, he would not be entitled to corrective action if the agency could demonstrate valid reasons for terminating him unrelated to his veteran status. See Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Turning to the parties' arguments, the AJ found that Mr. Motley's only evidence of anti-military bias consisted of alleged remarks by his supervisor that "the only reason we hired you was that you're a veteran," and "I wish you wouldn't mention that you are a veteran." According to the AJ, this evidence was insufficient to demonstrate that Mr. Motley's prior military service was a substantial or motivating factor in the agency's decision to terminate him. Furthermore, the AJ found that the agency had instead terminated Mr. Motley based solely on his performance deficiencies and disrespectful conduct. The AJ referenced the agency's termination notice, which cited various performance deficiencies, including Mr. Motley's failure to complete work assignments in a timely manner, his low scanned-mail percentage relative to the office average, his refusal to comply with his supervisor's orders, and disrespectful email exchanges and arguments with his supervisor. Initial Decision at 6-7.

---

[1] On appeal, Mr. Motley appears to argue that the Board erred in dismissing his USERRA claim for lack of jurisdiction. However, that argument is clearly mistaken, since the Initial Decision indicates that the AJ found Board jurisdiction over Mr. Motley's USERRA claim and adjudicated it on the merits.

In view of Mr. Motley's failure to demonstrate that his military service was a substantial or motivating factor for his termination, and the agency's legitimate reasons for terminating him, the AJ denied Mr. Motley's claim to corrective action under USERRA. The Initial Decision became the final decision of the Board when the Board denied Mr. Motley's petition for review. Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See also Kewley v. Dep't of Health & Human Servs., 154 F.3d 1357, 1361 (Fed. Cir. 1998).

We find that the AJ's determinations regarding lack of jurisdiction and denial of relief under USERRA were both free of legal error and supported by substantial evidence. First, the AJ properly held that the Board lacked jurisdiction to hear Mr. Motley's termination appeal. Mr. Motley concedes that he was a probationary employee, because he was terminated during his probationary period as an Office Automation Assistant and could not credit his prior federal service since more than thirty days had elapsed between his prior and current positions. See 5 C.F.R. § 315.802(b). ("Prior Federal civilian service . . . counts toward completion of probation when the prior service: . . . (3) Contains or is followed by no more than a single break in service that does not exceed 30 calendar days."). As a probationary employee, Mr. Motley had no statutory right to appeal, and could therefore establish Board jurisdiction only by alleging

that his termination was due to "partisan political or marital status discrimination." Stokes, 761 F.2d at 685. Mr. Motley did not pursue either of those avenues, and instead relied upon legally irrelevant allegations of discrimination based upon military service.

Second, the AJ properly held that Mr. Motley was not entitled to relief under USERRA. An employee making a discrimination claim under USERRA must initially prove by a preponderance of the evidence that his military service was a motivating or substantial factor in the adverse employment action. See Sheehan, 240 F.3d at 1013. If that initial burden is met, the agency must then establish by a preponderance of the evidence that it took the adverse action for valid reasons unrelated to the employee's veteran status. Id. As to the employee's initial burden, we agree with the AJ that Mr. Motley failed to demonstrate how his supervisor's allegedly discriminatory remarks against veterans were a substantial or motivating factor in his termination. Furthermore, we conclude that Mr. Motley's various performance deficiencies and disrespectful conduct, as described in the various agency documents detailed in the Initial Decision,[2] provide substantial evidence supporting the determination that Mr. Motley was terminated for performance reasons rather than his veteran status.

We remain unconvinced by Mr. Motley's various arguments raised on appeal. First, Mr. Motley contends that the agency never produced any evidence of

---

[2] As set forth in the Initial Decision, Mr. Motley's production percentage in mail processing from January 2006 to June 2006 was only 77%, compared to the office average of 120%. Mr. Motley also refused to follow two specific orders by his supervisor to complete his scanned mail; that task was ultimately completed by a Technology Specialist. Finally, Mr. Motley acted disrespectfully in verbal encounters and inappropriate email exchanges with his supervisor. These factual findings were supported by various incident reports and memoranda of record submitted by the agency, all documenting Mr. Motley's lack of productivity and cooperation.

inappropriate emails sent by him to his supervisor. Next, he argues that the agency should have retained him in view of his significantly improved job performance.[3] Finally, Mr. Motley argues that his supervisor's derogatory remarks about the military should have been admitted as evidence of discriminatory intent. At the outset, we note that these arguments mention nothing of partisan political or marital status discrimination and are therefore irrelevant to Mr. Motley's termination appeal; accordingly, we consider them only with respect to his USERRA claim. In that capacity, Mr. Motley's arguments are unpersuasive in view of the applicable legal precedent and standard of review. As explained above, even assuming a discriminatory intent by Mr. Motley's supervisor, the agency demonstrated that his termination was due to various performance and attitude problems rather than his veteran status. Furthermore, Mr. Motley's assertions regarding his improved job performance and the agency's failure to produce evidence of his insubordinate emails are contrary to the Board's factual findings that he had indeed "failed to improve his production percentage in mail processing" and acted disrespectfully to his supervisor. These findings are supported by substantial evidence in the form of the various incident reports and memoranda of record submitted by the agency. We therefore see no reason to disturb them. Finally, we note that Mr. Motley's production percentage and disrespectful conduct were not the only reasons for his termination; he had also refused to follow two specific orders by his supervisor to complete his scanned mail. His arguments fail to address this independent basis for termination.

---

[3]    Specifically, Mr. Motley contends that he increased his performance in scanned-mail percentage from 43% in January 2006 up to 126% in June 2006 and 100% at the time of his termination.

In sum, because the Board's determinations are both free of legal error and supported by substantial evidence, we affirm.

No costs.