NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAYMANDA PREACELY,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2014-3190

---

Petition for review of the Merit Systems Protection Board in No. CH-4324-12-0521-B-1.

---

Decided: January 7, 2015

---

RAYMANDA PREACELY, of Chicago Heights, Illinois, pro se.

HEIDI L. OSTERHOUT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Raymanda Preacely ("Preacely") appeals from the final decision of the Merit Systems Protection Board (the "Board") denying her claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4335 (2012). *See Preacely v. Dep't of the Treasury*, No. CH-4324-12-0521-B-1 (M.S.P.B. Aug. 1, 2014) ("*Final Decision*"). Because the Board did not err in denying the petition for review and in affirming the initial decision, we *affirm*.

## BACKGROUND

The Department of the Treasury ("Treasury") employed Preacely as a secretary. Before her one-year probationary period ended, Treasury terminated Preacely's employment. Preacely filed a first appeal at the Board, in which the Administrative Judge ("AJ") issued an initial decision finding that her employment was terminated during her probationary period and accordingly dismissing the appeal for lack of jurisdiction. The Board denied her petition for review, and the initial decision became the final decision of the Board. *Preacely v. Dep't of the Treasury*, No. CH-315H-11-0535-I-1 (M.S.P.B. Jan. 26, 2012). She appealed to this court, but her appeal was dismissed for failure to prosecute.

Preacely filed a second appeal at the Board, alleging that her termination was discriminatory, and therefore both violated her rights under USERRA and breached her employment contract. The AJ dismissed the second appeal for lack of jurisdiction, and Preacely filed another petition for review. The Board agreed with the AJ that it lacked jurisdiction over her breach of contract claim, but remanded the case for adjudication of her USERRA claim. *Preacely v. Dep't of the Treasury*, No. CH-4324-12-0521-I-1 (M.S.P.B. Sept. 6, 2013). On remand, the AJ found that

Preacely failed to show by a preponderance of the evidence that her prior military service or status as a veteran was a substantial or motivating factor in the agency's decision to terminate her employment during her probationary period. *Preacely v. Dep't of the Treasury*, No. CH-4324-12-0521-B-1 (M.S.P.B. Feb. 25, 2014).

Preacely again filed a petition for review, but the Board denied the petition and affirmed the AJ's initial decision, adopting it as the Board's final decision. *Final Decision* at ¶ 1. Specifically, the Board agreed with the AJ and held that Preacely failed to meet her burden of showing that her military status was a substantial or motivating factor in her termination. *Id.* at ¶ 5–6. The Board also declined to consider the additional evidence provided on review because Preacely failed to show that the evidence was unavailable to her before the close of the record, and she failed to show how the evidence demonstrated that her military service was a substantial or motivating factor in her termination. *Id.* at ¶ 7.

Preacely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

An employee asserting a claim of discrimination under USERRA bears the initial burden of showing, by a preponderance of the evidence, that the employee's veteran status was "a substantial or motivating factor for an adverse employment action." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). "[M]ilitary service is a motivating factor for an adverse employment

action if the employer relied on, took into account, considered, or conditioned its decision on" the employee's veteran status. *Id.* (internal quotations omitted). However, the employer does not violate USERRA if it can prove that the action would have been taken in the absence of the military service. 38 U.S.C. § 4311(c); *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001).

Preacely contends that the Board erroneously interpreted the law pursuant to 5 C.F.R. § 1208.15, and should have applied 5 C.F.R. § 1201.117(a)(4) to remand the case for the AJ to take further testimony or evidence or make further findings or conclusions. She also contends that the Board erred in not accepting the additional evidence under 5 C.F.R. § 1201.58(c)(2).

The government responds that the Board followed proper procedures, considered her testimony and the evidence of record, applied the correct law, and found that Treasury terminated Preacely's employment for reasons not related to her veteran status. The government also responds that the Board did not err in refusing to consider the additional evidence submitted for the first time with the petition for review.

We conclude that the Board's decision was supported by substantial evidence that Preacely failed to show that her veteran status was a substantial or motivating factor for her termination, and therefore that the Board did not err in denying the petition for review and affirming the initial decision. *See, e.g., Motley v. Dep't of the Navy*, 317 Fed. App'x 975, 978 (Fed. Cir. 2008). We agree with the government that the Board did not err in interpreting the law to require proof of a substantial or motivating factor for a USERRA claim. In addition, it was Preacely's burden to show, as she has not, that her veteran status was such a factor in Treasury's decision to terminate her during her probationary period. We also agree with the government that the Board did not err in declining to

consider the additional evidence because Preacely did not allege that the evidence was in rebuttal to new evidence or argument, that it was unavailable to her before the close of the record, or how it demonstrated that her military status was a substantial or motivating factor in her termination.

## CONCLUSION

For the foregoing reasons, and in light of our limited standard of review and the record before us, the decision of the Board is affirmed.

## **AFFIRMED**

## COSTS

No costs.